# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| |
|---|
| RONALD OTTAVIANCE, TRUSTEE, ROSEWATER TRUST, and MICHAEL BALICE, <br><br> **Plaintiffs,** <br><br> v. <br><br> AVS PROPERTIES, LLC <br><br> **Defendant.** |

Civ. No. 18-16429

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

## I. Introduction and Background[1]

*Pro se* plaintiff Michael Balice has an extensive litigation history with this Court. In 2014, the United States government bought a federal tax collection action against Balice and his former spouse. In an action filed in this court, the United States reduced to judgment the overdue tax liability of Balice and his former spouse. *United States v. Balice et al.*, Civ. No. 14-3937 (D.N.J.). Plaintiff Rosewater Trust, a nominal owner of the Metuchen property, was found to be Balice's nominee or alter ego, and set aside. *United States v. Balice et al.*, Civ. No. 14-3937 (D.N.J.) (DE 210).

I issued an order of sale allowing the Internal Revenue Service ("IRS") to sell the property and directing Balice to vacate the premises. Defendant AVS Properties, LLC ("AVS") submitted the winning bid for the property at a public auction. The Court thereafter confirmed the sale and directed the clerk to distribute the proceeds, applying a portion to Balice's unpaid tax liabilities. The Court also directed the Government to convey the real property to AVS by deed. The action in this Court was characterized by repetitive, indeed abusive,

---

[1] As used in this Opinion, "DE" refers to the docket entry number in this case. "Compl." refers to Balice's state court complaint. (DE 1-1).

1

motion practice by Mr. Balice in which he continually refiled the same or similar "tax protester" arguments to the effect that the income tax is unconstitutional. Balice appealed fifteen decision entered by me and nine decisions issued by the Magistrate Judge. The Third Circuit consolidated the appeals and affirmed. See *United States v. Balice et al.*, C.A. No. 17-3134 (3d Cir.).

Mr. Balice also filed a series of parallel actions in an attempt to prevent the sale of the home and enforcement of the federal court judgment. First, he brought an action in the Superior Court of New Jersey, Middlesex County, which was subsequently removed pursuant to 28 U.S.C. § 1442(a)(1). *See Balice v. United States*, Civ. No. 17-13601 (D.N.J.). The complaint was brought against the United States, the Attorney General, and two agents of the IRS, as well as myself. That case was assigned to Chief Judge Wolfson, who dismissed the complaint with prejudice based on sovereign and judicial immunity. The Third Circuit affirmed. *Balice v. United States*, 763 F. App'x 154 (3d Cir. 2019).

Thereafter, Balice filed a second complaint in state court, which was substantively identical to the first state-court complaint. This complaint was ultimately dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Balice v. United States of America*, Civ. No. 17-10291 (D.N.J.) (DE 11). He then filed for bankruptcy and sought to discharge the tax debt by filing a series of motions and an adversary proceeding. That case was dismissed without discharge. *In re Balice*, No. 17-32967 (Bankr. D.N.J. Nov. 13, 2017) (DE 68).

On August 2, 2018, Mr. Balice filed a third state-court action, again attacking the basis of the underlying tax action. *Balice v. United States of America, et. al.*, Civ. No. 18-13560. That action reasserted the same allegations and claims which he pled in the first state-court complaint. It, too, was dismissed. *Balice v. United States of America, et. al.*, Civ. No. 18-13560 (DE 9).

Balice and Ronald Ottavianno, as "Trustee" of the Rosewater Trust, now sue AVS for "unlawful invasion of the plaintiff's property." On October 23, 2018, Balice filed a complaint in the Superior Court of New Jersey, Middlesex

County. The present complaint alleges that the execution of the judgment entered in the underlying tax collection action (which Balice refers to as a "foreign judgment") violated various New Jersey statues and the New Jersey Constitution. Balice seeks declaratory and injunctive relief "from the unlawful and violative invasion of plaintiff's private and personal property," "from the unlawful claims to the property being made by the defendant through an unregistered foreign process," and to prevent "any further or future claims" to the Metuchen property.

Now before the Court are several motions: (1) the Government's motion to intervene and dismiss the now-removed complaint (DE 2); (2) Balice's motion to remand to New Jersey State Court (DE 4); and (3) Balice's motion for default against AVS (DE 12).

Balice also seeks to "strike" (1) the Government's motion to intervene (DE 6); (2) the Government's opposition to Balice's motion to remand (DE 9); and (3) the Government's opposition to Balice's motion to strike (DE 11).

For the foregoing reasons, Balice's motion to remand is granted. The remaining motions are administratively terminated as moot.

## II. Balice's Motion to Remand

I first address the propriety of the Government's removal and this Court's jurisdiction. Balice seeks to remand this matter to state court for lack of subject matter jurisdiction and because the Government does not have "standing" to represent AVS. (DE 4). Balice argues that this matter does not involve the collection of revenue, but "only involves the enforcement of a federal court judgement." (DE 4, at 2).[2] Balice also provides general law on this Court's jurisdiction, the removal process, and dual sovereignty. (*See generally*

---

[2] Balice spends a significant portion of his remand brief arguing the merits of his case. In particular, he contends that federal judgments can only be enforced in state courts, that only state courts have authority to settle disputes regarding property rights, and that the Government's failure to file the underlying tax court judgment in state court makes the judgment unenforceable. (DE 4, at 2-7). As a result of these procedural errors, he claims a due process violation, in that the defendants engaged in a conspiracy to deprive him of his private property. (DE 4, at 5-7, 13).

3

DE 4). He contends that this case is not about the collection of revenue, but about the enforcement of a federal judgment, which he believes can only be done in State court. (DE 4, at 13-17, 19). To the contrary, however, are Federal Rule of Civil Procedure 70 (recognizing that federal court may enforce judgment for real property by "enter[ing] a judgment divesting any party's title and vesting [real or personal property] in others."), and Rule 64 (providing that "every remedy" that is available "under the law of the state where the court is located, . . . for seizing a person or property to secure satisfaction of the potential judgment" is also available in federal court).

The Government contends that removal was proper under either 28 U.S.C. § 1442(a) or 1441(a). (DE 5, at 4-5). The Government dedicates less than two pages of its brief to removal under these provisions, providing little more than a citation to the statutes. (*See id.*).

Balice's response, which he has styled a "motion to strike" (DE 9), points out that the Government is not a named defendant in the state complaint, and no longer has any interest in the property that has been sold and conveyed to AVS. (He also attacks the validity of that conveyance, however.)[3]

I address each basis for removal in turn.

### A. Removal under §1441(a)

The more commonly invoked provision for removal to federal court, 28 U.S.C. § 1441(a), provides that a *defendant* in a state court civil action may remove the case to federal court if the federal court would have original jurisdiction to hear the case. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original

---

[3] Balice's motion to strike will be denied. Rule 12(f) authorizes a court "to strike from *a pleading* an insufficient defendant or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The "pleadings" in a federal action consist of a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court so orders, a reply to an answer. Fed. R. Civ. P. 7(a). An opposition brief to a motion, however, is not a "pleading." By far the better course, and the one I follow here, is to simply consider the validity, or not, of the arguments in the brief.

4

jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Applying the plain and unambiguous language of 28 U.S.C. § 1441(a), courts have held that only a named defendant may remove an action to federal court under this provision. *See Sheppard v. Sheppard*, 481 F. Supp. 2d 345, 347-48 (D.N.J. 2007) ("The plain language of the statute clearly limits the right of removal to 'defendants.' . . .To interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff."); *Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534 (D. Del. 2010) ("Even assuming Local 1545 Pension Plan is the real-party-in-interest, the Court concludes that it is not a 'defendant' within the meaning of § 1441(a), and therefore, is not entitled to remove this action."); *Smith v. St. Luke's Hosp.*, 480 F. Supp. 58, 61 (D.S.D. 1979) ("A holding that an intervenor-plaintiff can remove would be an unwarranted expansion of jurisdiction by use of [§ 1441]."); *Kane v. Republica De Cuba*, 211 F. Supp. 855, 856-58 (D.P.R. 1962) (holding that nonparty who did not intervene in state court action may not file for removal); *Dep't of Fin. of Sussex Cnty. v. Polk Heirs*, 2017 U.S. Dist. LEXIS 201176, at *4-5 (D. Del. Dec. 1, 2017) (finding removal improper under 1441(a) because removing party did "not have standing to remove this case. He is not a defendant nor an intervenor in the State action."); *cf. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 103 (1941) (affirming Fifth Circuit decision that "the plaintiff in the state court was not a 'defendant' within the meaning of section 28 of the Judicial Code, and so was not entitled to remove the cause under that section.").[4]

---

[4] *See also Juliano v. Citigroup, N.A.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) ("It is well settled that only a defendant in a state court action may remove that action under 28 U.S.C. §§ 1441."); *Geiger v. Arctco Enters.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested

5

Title 28, U.S. Code, Section 1446, which outlines the procedure for removal under § 1441(a), confirms that the removing party must be a named defendant. Even if the Government or some other party deems itself a "real party in interest" in the underlying action, it still "may not remove or participate in the removal of a case" under § 1441. *Gross*, 722 F. Supp. 2d at 534.[5]

Here, the Government is not a named defendant in the state complaint. It therefore cannot seek removal under § 1441, even if it is the "real party in interest." Accordingly, removal under § 1441 is not authorized.

### B. Removal under §1442(a)(1)

As to the alternative statutory basis for removal, 8 U.S.C. § 1442(a), the entirety of the Government's argument is as follows: First, removal under §1442(a) was proper because the complaint "relates to" the collection of revenue and "centers on alleged wrongful collection of taxes from Balice [through] a foreclosure action." (DE 5, at 4). Second, the state-court complaint "is plainly 'directed to' the United States, since it seeks to invalidate an Order of Sale issued in the United States' favor." (*Id.*).

*i. Statutory framework and standard*

Section 1442(a) provides as follows:

---

exclusively in defendants."); *Adams v. Adminastar Defense Servs., Inc.*, 901 F. Supp. 78, 79 (D. Conn. 1995) ("It is axiomatic that in the usual case removal can be achieved only by a defendant, who is by implication a party to the state-court action."); *People of State of Cal. v. Bozarth*, 356 F. Supp. 667, 669 (N.D. Cal. 1973) ("In the present case, the United States was not a party to the Municipal Court proceeding; the affidavit of the Assistant United States Attorney states that he formally withdrew and never became a party. Obviously, Section 1441 cannot be relied upon as grounds for removal.").

[5] Balice also points out that AVS did not consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). It is not clear from the docket whether defendant AVS has been properly served, although AVS has filed an opposition to Balice's motion for default. AVS's motion does not address service. (DE 16).

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof . . . for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the . . . collection of the revenue.
>
> . . . .
>
> (d) In this section, the following definitions apply:
>
>> (1) The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

28 U.S.C. § 1442.[6]

"Section 1442(a) is an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d at 466 (quotation and citation omitted). Under this section, "a colorable federal defense is sufficient to confer federal jurisdiction." *Id.*

---

6      Section 1442, often referred to as the "federal officer removal statute," has been twice amended, first in 1996 and a second time in 2011. I note briefly that in 1996, Congress amended § 1442(a)(1) to allow for removal by "the United States or any agency thereof." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 206, 110 Stat. 3847, 3850 (codified as amended at 28 U.S.C. § 1442). Before 1996, removal was limited to "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." The 1996 amendment explicitly reversed *International Primate Protection League v. Administrators of the Tulane Education Fund*, 500 U.S. 72, 79-87 (1991), wherein the Supreme Court held that federal agencies were not entitled to removal under the statute.

7

The Third Circuit draws a distinction between removal under §1441, which is "to be strictly construed against removal and all doubts should be resolved in favor of remand," *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quotation and citation omitted), and §1442(a), which is to be "broadly construed." *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994); *see In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 467 (3d Cir. 2015). Still, while the Supreme Court "has made clear that [§ 1442] must be 'liberally construed[,]' . . . [that] broad language is not limitless. And a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007).

In order to establish a proper basis for removal under §1442, the removing party must show that "(1) it is a 'person' within the meaning of the statute; (2) the [plaintiff's] claims are based upon the [removing party's] conduct 'acting under' the United States, its agencies, or its officers; (3) the [plaintiff's] claims against it are 'for, or relating to' an act under color of federal office; and (4) it raises a colorable federal defense to the [plaintiff's] claims." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d at 467.

### ii. Statutory meaning of "directed to"

Section 1442(a) provides, in effect, for removal of civil actions commenced in state court that are either "against" or "directed to" a federal agency acting under color of title. *See Lindy v. Lynn*, 395 F. Supp. 769, 771 (E.D. Pa. 1974), *aff'd*, 515 F.2d 507 (3d Cir. 1975). The first alternative does not apply. Balice did not file his action "against" the United States; *i.e.*, he did not name the United States as a party. It follows that the only remaining option for removal under §1442(a)(1) is that the civil action was "directed to" the United States. *Cf. Parsons v. Tex. Office of the AG*, 2018 U.S. Dist. LEXIS 215806, at *11 (E.D. Tex. Aug. 8, 2018) (interpreting "against" and concluding that "upon being named a defendant in a state court action, federal agencies, .

8

. . may remove such proceedings to federal court."), *adopted by*, 2018 U.S. Dist. LEXIS 215319, at *1 (E.D. Tex. Dec. 21, 2018). The "directed to" provision of the statute does not require that the government be actually named as a defendant. Still, its scope cannot be unlimited, and its scope has not been significantly litigated since its enactment in 2011.

I therefore must address the "directed to" provision under applicable principles of statutory interpretation. Primarily, the courts will look to the plain language of a statute to determine its meaning. *United States v. Gregg*, 226 F.3d 253, 257 (3d Cir. 2000). "If the language of the statute expresses Congress's intent with sufficient precision, the inquiry ends there and the statute is enforced according to its terms." *Id.* When the language is clear, typically no further inquiry is required. *Barrios v. Att'y Gen.*, 399 F.3d 272, 277 n.11 (3d Cir. 2005).

There is a narrow exception, however: the plain language may be set aside in a particular case if its application would lead to an "absurd result." *Id.* When the plain language is at odds with legislative intent, "a blind adherence to the literal meaning of a statute [could] lead to a patently absurd result that no rational legislature could have intended. Following the letter, rather than the spirit, of the law in such cases would go against the court's role of construing statutes to effectuate the legislature's intent." *Id.* Particularly in such a case, the court may look for guidance to the legislative history. "[T]he authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill, which 'represen[t] the considered and collective understanding of those Congressmen involved in drafting and studying proposed legislation.'" *Garcia v. United States*, 469 U.S. 70, 76 (1984) (internal citations omitted).

When interpreting statutes, courts work to "fit, if possible, all parts [of a statute] into a harmonious whole." *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, (2000) (quoting *FTC v. Mandel Bros., Inc.*, 359 U.S. 385, 389 (1959)). "It is a cardinal principle of statutory construction

9

that the statute ought, upon the whole to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) ("[C]ourts should disfavor interpretations of statutes that render language superfluous.").

With these principles in mind, I start with the plain text of the statute. The ordinary definition of "directed" is "aim[ed] . . . in a particular direction or at a particular person." *Guggenberger v. Starkey Labs., Inc.*, 2016 U.S. Dist. LEXIS 180403, at *17 (D. Minn. Dec. 29, 2016) (quoting New Oxford American Dictionary 491 (3d ed. 2010)); *see also* Black's Law Dictionary (11th ed. 2019) (defining "direct" as "[t]o aim (something or someone)"). "Directed to," therefore, has been interpreted "to require a party . . . to 'aim' the civil action at the federal entity in order for the action to be removable under § 1442(a)." *Guggenberger*, 2016 U.S. Dist. LEXIS 180403, at *17. A federal agency's motion to intervene in a state court action, standing alone, may not suffice to bring it within the "directed to" requirement of §1442. *Guggenberger*, 2016 U.S. Dist. LEXIS 180403, at *17-18 ("A court's response to a federal entity's motion for permissive intervention does not suffice, since in such a situation, the federal entity seeking removal 'directed' or 'aimed' the resulting judicial order at itself." (citing *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 440 (E.D. Ark. 2011) (rejecting the United States' "novel argument that, because it intervened, the civil action is now against the U.S. Government")).[7]

---

[7] I note that the Government has, however, raised strong arguments for intervention. (DE 2); *see Zito v. Tesoriero*, 239 F. Supp. 354, 355 (E.D.N.Y. 1965) (granting intervention to United States because "United States has claims for income taxes due it . . . and, in fact, has asserted tax liens against the plaintiff. . . . Distribution or disposition of the property in issue would, therefore, have an adverse effect upon the claims and liens of the United States.").

The Government perhaps could have intervened in the state court proceeding as a defendant and *then* sought removal as a named defendant under this statute or §1441. *See e.g., Peoples Nat'l Bank of Mora v. BWHC, LLC*, 2008 U.S. Dist. LEXIS 125222 (D. Minn. Oct. 10, 2008) (remanding case where "a party seeks in state court to compel the production from a third party of documents that belong to the federal government, the state-court proceedings are removable by the federal government if it

10

Turning to the legislative history of §1442, the "basic purpose" of § 1442(a) has been described as follows:

> [T]o protect the Federal Government from the interference with its operations that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting within the scope of their authority.

*In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d at 466 (quotation and citation omitted).

In 2011, Congress amended §1442 in several ways. First, the Removal Clarification Act added the definition of "civil action" and "criminal prosecution," which now appear in §1442(d)(1). Removal Clarification Act of 2011, Pub. L. No. 112-51, § 2, 125 Stat. 545, 545 (codified as amended at 28 U.S.C. §§ 1442, 1446, 1447 (2012)). "[T]he term 'civil action' includes ancillary proceedings, so long as a 'judicial order' is sought or issued." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d at 467.

Second, the Act "added the words 'or relating to' after 'for' in § 1442(a)." *Id.*; *see* 28 U.S.C. §1442 (a) ("A civil action . . . that is commenced in a State court and that is against or directed to any of the following[:] The United States or any agency thereof . . . for *or relating to* any act under color of such office." (emphasis and alteration added)). In effect, "before 2011, proponents of removal jurisdiction under § 1442 were required to 'demonstrate that the acts for which they [we]re being sued' occurred at least in part 'because of what they were asked to do by the Government.'" *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d at 471 (citation omitted). With the 2011 amendments, "the statute was amended to encompass suits 'for or relating to any act under color of [federal] office." *Id.* (quoting 28 U.S.C. § 1442(a)(1) (2011)).

---

has intervened in the state-court proceedings."). Instead, however, the Government preemptively removed a state court complaint to which it was not currently a party.

11

The Third Circuit has concluded that the ordinary meaning of the phrase "related to" is broad and means "'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Id.* (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). "[I]t is sufficient for there to be a 'connection' or 'association' between the act in question and the federal office." *Id.* In other words, the "for or related to" portion of the statute considers the substance of the conduct charged in the complaint and whether it is connected to federal action.

Finally, the 2011 amendments allowed for removal even when the removing federal entity is not a named defendant, where a civil proceeding is "directed to" a federal agency or officer. According to the House Report, the 2011 amendment "clarifies that a civil action 'commenced' in State court includes those brought 'against' a Federal officer (which covers suits) as well as those 'directed to' a Federal officer (which presumably covers discovery proceedings)." H.R. REP. 112-17, 6, 2011 U.S.C.C.A.N. 420, 425. "This allows any Federal officer subpoenaed pursuant to a State pre-suit discovery statute to remove the civil action or criminal prosecution to U.S. district court under 28 U.S.C. S 1442." *Id.*; *see* 28 U.S.C. § 1446(g) (providing that where removed civil action under § 1442(a) "is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day [notice of removal] requirement . . . is satisfied if [notice of removal is filed] not later than 30 days after receiving, through service, notice of any such proceeding.").

I do not believe that the phrase "directed to" authorizes the court to determine on its own that a complaint, although not brought against the federal government, is "really" a suit against the federal government. When Congress added the phrase "directed to," its narrow purpose was "to establish[] that cases may be removed when federal documents are sought in state court cases," even when the federal entity is not a defendant. *Rodgers v. Gilbert*, 2012 U.S. Dist. LEXIS 59959, at *5 (W.D. Ky. Apr. 27, 2012); *see Guggenberger*,

12

2016 U.S. Dist. LEXIS 180403, at *19 (recognizing same and holding that removal not proper because "[t]he United States has not demonstrated that any discovery [sought] is the property of the federal government, such that those discovery proceedings could be considered 'against or directed to' the United States as a 'real party in interest.'"); *see also Smith v. Hous. Auth. of Balt. City*, 2011 U.S. Dist. LEXIS 6554, at *8 (D. Md. Jan. 21, 2011) (denying remand garnishment action brought for HUD funds); *Parsons*, 2018 U.S. Dist. LEXIS 215806, at *15 (holding that "purpose of § 1442 is not served by permitting the VA to remove state court proceedings where it was served with a petition containing no claims against it, not naming it as a party and/or not seeking to subpoena or otherwise compel any documents or other discovery materials from the VA.").

Moreover, "[i]f removal is sought for a proceeding in which federal documents are requested, 'and there is no other basis for removal, only that proceeding may be removed to the district court.'" *Rodgers*, 2012 U.S. Dist. LEXIS 59959, at *5 (holding removal proper for resolution of discovery dispute, and "[u]pon resolution of this narrow issue, the case should be remanded.").

### iii. Analysis

The Court agrees with the Government that the complaint meets the requirement of being "related to" the revenue collection functions of the IRS. Although the complaint is brought against AVS, it actually says very little about any supposedly wrongful conduct by that entity. Rather, the alleged wrongdoing is attributed to the Government's conduct in the underlying tax action in connection with its efforts to collect on Balice's unpaid income tax liabilities. *Cf. Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3d Cir. 2016) (holding "related to" element met where there was "indeed a connection or association between the acts complained of by [plaintiff] and the federal

government." (alteration added)).[8] That a complaint "relates to" the activities of a federal office, however, is not the end of the matter.

To be removable under section 1442(a), the suit must be "against" or "directed to" the Government. *Cf. In re Proceeding in Which Pa. Seeks to Compel the Def. Ass'n of Phila. to Produce Testimony*, 2013 U.S. Dist. LEXIS 115309, at *2 (E.D. Pa. Aug. 15, 2013) (holding that state proceeding seeking to compel testimony from the Federal Community Defender Organization "to determine whether the FCDO used federal grant monies in its state court representation of [Pennsylvania state prisoner facing death sentence], and, if it made such a finding, to disqualify the FCDO from the case" was properly removed under §1442(a)), *aff'd*, 790 F.3d 457 (3d Cir. 2015). To hold that a complaint, simply by virtue of satisfying the "related to" requirement, also satisfies the "against"/"directed to" requirement, would render the latter provision superfluous. I therefore must determine whether Balice's state court complaint was "against" or "directed to" the United States. I conclude that it was not.

The Government was not named as a defendant in Balice's complaint; thus the action was not brought "against" the Government. Now the United States has moved to intervene; when it removed the case, however, it was not a party. The appropriateness of removal is measured as of the time of removal.

Nor was the action "directed to" the Government in the sense outlined above. That provision, I find, was intended only to cover actions which, while not naming the United States as a party, seek discovery from the United States. This action does not fit that description. [9]

---

[8] The Third Circuit in *Papp* did not address the "against" or "directed to" aspect of the statute. In that case, the plaintiff filed a failure-to-warn suit against The Boeing Company, a military contractor, for injuries to his wife that were caused by exposure to asbestos. Boeing removed the action once it learned that the alleged injuries were caused by the wife's work on a military cargo plane for the U.S. Navy. The Third Circuit affirmed the removal, concluding that (1) Boeing was a "person;" (2) Boeing was "acting under" a federal agency; (3) the conduct "related to" acts done for a federal agency; and (4) Boeing raised a colorable military-contractor defense.

[9] I am cognizant, of course, that the complaint here seeks to have it both ways. The United States, says Mr. Balice, cannot participate because it has no more interest in the case. At the same time, however, Mr. Balice in effect collaterally attacks the tax

14

judgment and foreclosure sale. Almost nothing in the complaint, is directed to any allegedly wrongful conduct of AVS, which merely submitted the winning bid in foreclosure.

I note that neither AVS nor the Government has sought removal under §1442(a)(2), which provides as follows:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

The apparent purpose of § 1442(a)(2) "was to insure a federal forum to persons who took title to property from a revenue officer and faced a challenge to their title from others, such as taxpayers, who claimed that the law under which the revenue officer had seized their property was invalid." *Stratford v. Bridgeport*, 434 F. Supp. 712, 714 (D. Conn. 1977).

Reliance upon this section "requires compliance with two prongs[.]" *Benitez-Bithorn v. Rossello-Gonzalez*, 200 F.Supp.2d 26, 31 (D.P.R. 2002). First, "the property in controversy must derive from an officer of the United States[.]" *Id.* Second, "the controversy regarding the property must affect the validity of any law of the United States." *Id.*

AVS obtained the subject property though a sale by the United States, and the Government conveyed the deed to the property to AVS, which meets the first prong. *See Monroe v. Gagan*, 2008 U.S. Dist. LEXIS 83854, at *14 (D. Ariz. Sep. 29, 2008) (finding first prong met where defendants obtained title to real property through a United States Marshal's deed.).

However, the second prong is arguably not met, as Mr. Balice seems to have deleted his arguments directed to the validity of the federal tax laws (although such arguments may be implied). *See id.* at *15 ("[Q]uestioning the validity of a judgment and federal court orders does not transform this into a controversy affecting the validity of any *law* of the United States.") (*citing Stratford*, 434 F. Supp. at 715 ("None of the provisions of federal law cited in support of [defendant's] removal petition meets the § 1442 standard, since [plaintiff's] suit does not attack the validity of any of them.')). The complaint does not challenge the validity of any federal law, and therefore, cannot be a basis for removal.

## III. Conclusion

Accordingly, for the reasons stated above, Balice's motion to remand is granted. (DE 4). The remaining filed motions are administratively terminated. (DE 2, 6, 9, 11, and 12).

Dated: July 15, 2019

_____
**Kevin McNulty**
**United States District Judge**